

**Tannenbaum Helpern Syracuse & Hirschtritt** LLP

900 Third Avenue New York, NY 10022-4775
Tel: (212) 508-6700 | Fax: (212) 371-1084
www.thsh.com | @THSHLAW

**Jason B. Klimpl**
Direct: (212) 508-7529
klimpl@thsh.com

May 21, 2018

**BY ECF & FAX**

Honorable Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 705
New York, NY 10007
Fax: (212) 805-7986

Honorable J. Paul Oetken, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2101
New York, New York 10007

> Re: **Application for Consolidation Pursuant to F.R.C.P. 42(a)**
> ***Sanchez et al. v. Rainbow Umbrella, et al.*, 17 Civ. 9065 (PGG) ("*Sanchez*")**
> ***Jochola et al. v. Green Summit Group LLC et al.*, 18 Civ. 1360 (JPO) ("*Jochola*")**

Dear Judge Gardephe and Judge Oetken:

We are the attorneys for all of the defendants in connection with both of the above-referenced wage and hour actions, with the exception of individual defendant Peter Schatzberg, who is separately represented.

We write, pursuant to Rule IV(A) of Judge Gardephe's Individual Rules of Practice, to request a pre-motion conference concerning our clients' proposed motion to consolidate these two actions – and to alert Judge Oetken of the same.

Pursuant to Local Civil Rule 1.6, and for the reasons set forth below, defendants intend to request that the above-referenced related cases be consolidated pursuant to F.R.C.P. 42(a).

[1069398-2]

Honorable Paul G. Gardephe
Honorable J. Paul Oetken
May 21, 2018
Page 2 of 3

More particularly, each of these related putative class and collective wage and hour actions involve:

- substantially same defendants (*e.g.*, Green Summit Group LLC and certain of its affiliates, Todd Millman, and Peter Schatzberg);

- virtually identical claims (*compare*, *Sanchez* First Amended Complaint (Dkt. #24) at ¶ 5 (alleged wage and hour violations where "the delivery workers were required to spend a considerable part of their work day performing non-tipped, non-delivery duties …"), and *Jochola* Complaint (Dkt. # 1) at ¶ 4 ("they were required to spend a consideration part of their work day performing non-tipped, non-delivery duties …");

- the same plaintiffs' counsel (*i.e.*, Michael Faillace & Associates, P.C.);

- the same defendants' counsel (*i.e.*, Tannenbaum Helpern Syracuse & Hirschtritt LLP); and

- the same venue (*i.e.*, the Southern District of New York).

That is, in each of these class and collective actions, plaintiffs represented by Michael Faillace & Associates, P.C. allege, *inter alia*, that Green Summit LLC and certain of its affiliates, Todd Millman, and Peter Schatzberg: (i) misclassified non-tipped employees as tipped workers, thereby violating the minimum wage (*Sanchez* Compl. at ¶ 10; *Jochola* Compl. at ¶ 9); (ii) misappropriated plaintiffs' tips (*Sanchez* Compl. at ¶ 11; *Jochola* Compl. at ¶ 10); (iii) failed to give required wage notices (*Sanchez* Compl. at ¶ 61; *Jochola* Compl. ¶ 54); and (iv) unlawfully required plaintiffs to purchase "tools of the trade" (*Sanchez* Compl. at ¶ 63; *Jochola* Compl. at ¶ 55). Indeed, substantial portions of the two complaints are nearly identical.

Consolidation is within the sound discretion of the District Court and judges in this District do not hesitate to consolidate actions – including wage and hour actions – where there exist common questions of law and fact. Thus, in *Varghese v. JP Morgan Chase & Co.*, No. 14 Civ. 1718 (PGG), 2016 WL 4718413, at *4 (S.D.N.Y. Sept. 9, 2016), an FLSA collective action, Judge Gardephe held that "[u]nder Fed. R. Civ. P. 42(a), a district court may consolidate 'actions … involve[ing] a common question of law or fact.'" The Court explained in *Varghese* that "the trivial differences cited by Defendants [we]re dwarfed by the similarities in the two actions," and continuing, found that the "substantial overlap in parties, factual allegations, and legal issues, discovery in these two actions [would] involve duplicate document production as well as likely duplicate depositions." *Id.* (internal citations omitted). Consequently, and similar to the actions at hand, in *Varghese* "the differences which do exist do not outweigh the interests of judicial

Honorable Paul G. Gardephe
Honorable J. Paul Oetken
May 21, 2018
Page 3 of 3

economy which is served by consolidation." *Id.* (internal citations omitted). Moreover, like *Varghese*, "[c]onsolidation [here]... [will] avoid... duplication of judicial effort and vexatious litigation in multiple forums, achiev[e] comprehensive disposition of this litigation, and eliminat[e] the risk of inconsistent judgments." *Id.* (internal citation omitted).

As is readily apparent from a review of the complaints in *Sanchez* and *Jochola*, there is substantial overlap between the theories, factual allegations, parties, and legal issues in these two actions. As such, defendants respectfully submit that these two actions should be consolidated due to the common issues of law and fact that exist; to promote judicial economy; to avoid inconsistent outcomes and determinations; to avoid duplicative depositions, document productions, and other discovery; and to otherwise reduce the burdens and costs associated with litigation.[1]

\* \* \* \* \* \* \* \*

Defendants observe that initial conferences are scheduled in each of these two actions for Thursday, May 24, and, accordingly, defendants propose that a pre-motion conference on the issue of consolidation could occur concurrently therewith.

Thank you, Your Honors, for your consideration in this matter.

Respectfully submitted,

/s/ *Jason B. Klimpl*

Jason B. Klimpl

cc:   Haleigh Amant, Esq.
      Sara Isaacson, Esq.
      Michael Faillace & Associates, P.C.
      hamant@faillacelaw.com
      sisaacson@faillacelaw.com
      *Attorneys for Plaintiffs*
      [BY ECF & EMAIL]

---

[1] Peter Schatzberg's counsel in the *Sanchez* action has expressed to the undersigned that he has no objection to consolidation. On the other hand, Plaintiffs' counsel in that action declined to consent to consolidation.

[1069398-2]