UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

FELIPE UPON JOCHOLA, OTTONIEL RAMOS : 
BATEN, MIGUEL FRANCISCO AJPOP, and ROMAN :
PAJARITO, individually and on behalf of others :
similarly situated, :
:     Case No.: 18 Civ. 01360 (PGG)
Plaintiffs, :
:
-against- :     **ANSWER TO AMENDED**
:     **COMPLAINT**
GREEN SUMMIT GROUP LLC (d/b/a GREEN :
SUMMIT), CITY BARN GROUP LLC. (d/b/a CITY :
BARN KITCHEN), BLACK LEXINGTON GROUP, :
LLC. (d/b/a GREEN SUMMIT), PETER :
SHATZBERG, and TODD MILLMAN, :
:
Defendants. :

---------------------------------------------------------------------- x

Defendants Green Summit Group LLC ("Green Summit"), City Barn Group LLC ("City Barn"), Black Lexington Group, LLC ("Black Lexington"), and Todd Millman ("Millman") (Green Summit, City Barn, Black Lexington, and Millman, collectively, the "Defendants"), by their attorneys, Tannenbaum Helpern Syracuse & Hirschtritt LLP[1], as and for their First Amended Answer to the First Amended Complaint of Plaintiffs, filed May 21, 2018, (the "Complaint"), allege as follows:

## AS TO "NATURE OF THE ACTION"

1.      Defendants deny the allegations contained in Paragraph "1" of the Complaint, except admit that certain Plaintiffs were employed by City Barn or Green Summit.

---

[1] For the avoidance of doubt, Tannenbaum Helpern Syracuse & Hirschtritt LLP represents all Defendants named in the Complaint except for Peter Schatzberg. Accordingly, this Answer sets forth the allegations of Green Summit, City Barn, Black Lexington, and Millman, but not Peter Schatzberg.

[1071586-2]

2.      Defendants deny the allegations contained in Paragraph "2" of the Complaint, except admit that Green Summit operated out of 144 East 44th Street, New York, NY 10017.

3.      Plaintiffs' allegations that "these corporate entities operated the Catering Company and the restaurant as joint or unified enterprises," contained in Paragraph "3" of the Complaint, is a conclusion of law to which no response is required. Furthermore, Defendants deny the allegations contained in Paragraph "3" of the Complaint, except admit that Peter Schatzberg and Millman had, at certain points in time, ownership interests in Green Summit and Black Lexington.

4.      Defendants deny the allegations contained in Paragraph "4" of the Complaint.

5.      Defendants deny the allegations contained in Paragraph "5" of the Complaint.

6.      Defendants deny the allegations contained in Paragraph "6" of the Complaint.

7.      Defendants deny the allegations contained in Paragraph "7" of the Complaint.

8.      Defendants deny the allegations contained in Paragraph "8" of the Complaint.

9.      Defendants deny the allegations contained in Paragraph "9" of the Complaint.

10.     Defendants deny the allegations contained in Paragraph "10" of the Complaint.

11.     Defendants deny the allegations contained in Paragraph "11" of the Complaint.

12.     Defendants deny the allegations contained in Paragraph "12" of the Complaint.

13.     Defendants deny the allegations contained in Paragraph "13" of the Complaint.

14.     With respect to the allegations contained in Paragraph "14" of the Complaint, which set forth Plaintiffs' characterization of their own Complaint, no response is required; provided, however, that Defendants deny that there exists any appropriate or proper "class action" or "collective action."

[1071586-2]

## AS TO "JURISDICTION AND VENUE"

15.     With respect to the allegations contained in Paragraph "15" of the Complaint, which set forth conclusions of law or consist of Plaintiffs' characterization of their own Complaint, no response is required.

16.     Plaintiffs' allegation that venue is proper under 28 U.S.C. § 1391(b) and (c), contained in Paragraph "16" of the Complaint, is a conclusion of law to which no response is required. Otherwise, Defendants deny the allegations contained in Paragraph "16" of the Complaint.

## AS TO "THE PARTIES"

17.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to Plaintiff Upon's residence. Furthermore, Defendants deny the remaining allegations contained in Paragraph "17" of the Complaint, except admit that from approximately April 2014 until on or about September 2014 Plaintiff Upon was employed by City Barn, and from approximately September 2014 until on or about July 2017 was employed by Green Summit at 144 East 44th Street, New York, NY 10017.

18.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to Plaintiff Ramos's residence. Furthermore, Defendants deny the remaining allegations contained in Paragraph "18" of the Complaint, except admit that from approximately March 2017 until on or about July 2017 Plaintiff Ramos was employed by Green Summit at 144 East 44th Street, New York, NY 10017.

19.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to Plaintiff Ajpop's residence. Furthermore, Defendants deny the remaining allegations contained in Paragraph "19" of the Complaint, except admit that

[1071586-2]

from approximately January 2014 until on or about September 2014 Plaintiff Ajpop was employed by City Barn, and from approximately October 2014 until on or about December 2017 was employed by Green Summit at 144 East 44th Street, New York, NY 10017.

20.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to Plaintiff Pajarito's residence and any hiatus from employment of approximately 3 months in 2017. Furthermore, Defendants deny the remaining allegations contained in Paragraph "20" of the Complaint, except admit that from approximately February 2015 until on or about December 2017 Plaintiff Pajarito was employed by Green Summit at 144 East 44th Street, New York, NY 10017.

21.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to Plaintiff Sandoval's residence. Furthermore, Defendants deny the remaining allegations contained in Paragraph "21" of the Complaint, except admit that from approximately July 2015 until on or about September 2016 Plaintiff Sandoval was employed by Green Summit at 144 East 44th Street, New York, NY 10017.

22.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22" of the Complaint.

23.     Defendants deny the allegations contained in Paragraph "23" of the Complaint, except admit that Green Summit previously operated out of 144 East 44th Street, New York, NY 10017.

24.     Defendants deny the allegations contained in Paragraph "24" of the Complaint, except admit that Green Summit is a domestic corporation existing under the laws of the State of New York and Green Summit previously maintained a principal place of business at 144 East 44th Street, New York, NY 10019.

[1071586-2]

25.    Defendants deny the allegations contained in Paragraph "25" of the Complaint, except admit that Black Lexington is a domestic corporation existing under the laws of the State of New York.

26.    Defendants admit the allegations contained in the first sentence of Paragraph "26" of the Complaint. Defendants deny the allegations contained in the second sentence of Paragraph "26" of the Complaint, except admit that City Barn had corporate headquarters at 16 West 45th Street, New York, NY 10036.

27.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph "27" of the Complaint. With respect to the allegations contained in the second sentence of Paragraph "27" of the Complaint, which consist of Plaintiffs' characterization of their own Complaint, no response is required. Defendants deny the allegations contained in the third sentence of Paragraph "27" of the Complaint, except admit that Peter Schatzberg had an ownership interest in Green Summit and subsequently an ownership interest in Black Lexington. Defendants deny the allegations contained in the fourth sentence of Paragraph "27" of the Complaint.

28.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph "28" of the Complaint. With respect to the allegations contained in the second sentence of Paragraph "28" of the Complaint, which consist of Plaintiffs' characterization of their own Complaint, no response is required. Defendants deny the allegations contained in the third sentence of Paragraph "28" of the Complaint, except admit that Millman had an ownership interest in Green Summit and subsequently an ownership interest in Black Lexington. Defendants deny the allegations contained in the fourth sentence of Paragraph "28" of the Complaint.

[1071586-2]

## AS TO "FACTUAL ALLEGATIONS"

29.     Defendants deny the allegations contained in Paragraph "29" of the Complaint.

30.     Defendants deny the allegations contained in Paragraph "30" of the Complaint, except admit that Peter Schatzberg and Millman each had an ownership interest in Green Summit and subsequently an ownership interest in Black Lexington.

31.     Defendants deny the allegations contained in Paragraph "31" of the Complaint.

32.     With respect to the allegations contained in Paragraph "32" of the Complaint, which set forth conclusions of law or consist of Plaintiffs' characterization of their own Complaint, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "32" of the Complaint, except admit that some of the Defendants may have employed some of the Plaintiffs.

33.     Defendants deny the allegations contained in Paragraph "33" of the Complaint.

34.     With respect to the allegations contained in the first sentence of Paragraph "34" of the Complaint, which set forth conclusions of law or consist of Plaintiffs' characterization of their own Complaint, no response is required. Defendants deny the allegations contained in the second sentence of Paragraph "34" of the Complaint, except admit that certain Defendants had the power to hire and fire certain Plaintiffs, and certain Defendants had authority to determine the rate and method of compensation with respect to certain Plaintiffs.

35.     Defendants deny the allegations contained in Paragraph "35" of the Complaint, except admit that in each year from 2014 to 2017, Defendants jointly had a gross annual volume of sales of not less than $500,000.

36.     With respect to the allegations contained in the first sentence of Paragraph "36" of the Complaint, which set forth conclusions of law, no response is required. Defendants deny the

[1071586-2]

allegations contained in the second sentence of Paragraph "36" of the Complaint, except admit that some of the goods used by Green Summit and City Barn were produced outside of the State of New York.

37.     Defendants deny the allegations contained in Paragraph "37" of the Complaint.

38.     With respect to the allegations contained in Paragraph "38" of the Complaint, which set forth Plaintiffs' characterization of their own Complaint, no response is required; provided, however, that Defendants deny that there exists any appropriate or proper "class."

39.     Defendants deny the allegations contained in Paragraph "39" of the Complaint, except admit that Plaintiff Upon was employed by City Barn from approximately April 2014 to September 2014, and by Green Summit from approximately September 2014 until on or about July 2017.

40.     Defendants admit that Plaintiff Upon was employed as a delivery worker, but otherwise deny the allegations contained in Paragraph "40" of the Complaint.

41.     Defendants deny the allegations contained in Paragraph "41" of the Complaint.

42.     With respect to the allegations contained in Paragraph "42" of the Complaint, which set forth conclusions of law, no response is required.

43.     With respect to the allegations contained in Paragraph "43" of the Complaint, which set forth conclusions of law, no response is required.

44.     Defendants deny the allegations contained in Paragraph "44" of the Complaint.

45.     Defendants deny the allegations contained in Paragraph "45" of the Complaint.

46.     Defendants deny the allegations contained in Paragraph "46" of the Complaint.

47.     Defendants admit the allegations contained in Paragraph "47" of the Complaint.

48.     Defendants deny the allegations contained in Paragraph "48" of the Complaint.

[1071586-2]

49.     Defendants deny the allegations contained in Paragraph "49" of the Complaint.

50.     Defendants deny the allegations contained in Paragraph "50" of the Complaint.

51.     Defendants deny the allegations contained in Paragraph "51" of the Complaint.

52.     Defendants deny the allegations contained in Paragraph "52" of the Complaint.

53.     Defendants deny the allegations contained in Paragraph "53" of the Complaint.

54.     Defendants deny the allegations contained in Paragraph "54" of the Complaint.

55.     Defendants deny the allegations contained in Paragraph "55" of the Complaint.

56.     Defendants deny the allegations contained in Paragraph "56" of the Complaint.

57.     Defendants deny the allegations contained in Paragraph "57" of the Complaint, except admit that Plaintiff Ramos was employed by Green Summit from approximately March 2017 until on or about July 2017.

58.     Defendants admit that Plaintiff Ramos was employed as a delivery worker, but otherwise deny the allegations contained in Paragraph "58" of the Complaint.

59.     Defendants deny the allegations contained in Paragraph "59" of the Complaint.

60.     With respect to the allegations contained in Paragraph "60" of the Complaint, which set forth conclusions of law, no response is required.

61.     With respect to the allegations contained in Paragraph "61" of the Complaint, which set forth conclusions of law, no response is required.

62.     Defendants deny the allegations contained in Paragraph "62" of the Complaint.

63.     Defendants admit the allegations contained in Paragraph "63" of the Complaint.

64.     Defendants deny the allegations contained in Paragraph "64" of the Complaint.

65.     Defendants deny the allegations contained in Paragraph "65" of the Complaint.

66.     Defendants deny the allegations contained in Paragraph "66" of the Complaint.

[1071586-2]

67.     Defendants deny the allegations contained in Paragraph "67" of the Complaint.

68.     Defendants deny the allegations contained in Paragraph "68" of the Complaint.

69.     Defendants deny the allegations contained in Paragraph "69" of the Complaint.

70.     Defendants deny the allegations contained in Paragraph "70" of the Complaint.

71.     Defendants deny the allegations contained in Paragraph "71" of the Complaint, except admit that Plaintiff Ajpop was employed by City Barn from approximately January 2014 until on or about September 2014 and by Green Summit from approximately October 2014 until on or about December 2017.

72.     Defendants admit that Plaintiff Ajpop was employed as a delivery worker, but otherwise deny the allegations contained in Paragraph "72" of the Complaint.

73.     Defendants deny the allegations contained in Paragraph "73" of the Complaint.

74.     With respect to the allegations contained in Paragraph "74" of the Complaint, which set forth conclusions of law, no response is required.

75.     With respect to the allegations contained in Paragraph "75" of the Complaint, which set forth conclusions of law, no response is required.

76.     Defendants deny the allegations contained in Paragraph "76" of the Complaint.

77.     Defendants deny the allegations contained in Paragraph "77" of the Complaint.

78.     Defendants admit the allegations contained in Paragraph "78" of the Complaint.

79.     Defendants deny the allegations contained in Paragraph "79" of the Complaint.

80.     Defendants deny the allegations contained in Paragraph "80" of the Complaint.

81.     Defendants deny the allegations contained in Paragraph "81" of the Complaint.

82.     Defendants deny the allegations contained in Paragraph "82" of the Complaint.

83.     Defendants deny the allegations contained in Paragraph "83" of the Complaint.

[1071586-2]

84.     Defendants deny the allegations contained in Paragraph "84" of the Complaint.

85.     Defendants deny the allegations contained in Paragraph "85" of the Complaint.

86.     Defendants deny the allegations contained in Paragraph "86" of the Complaint.

87.     Defendants deny the allegations contained in Paragraph "87" of the Complaint, except admit that Plaintiff Pajarito was employed by Green Summit from approximately February 2015 until on or about December 2017; provided, however, that Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to Plaintiff Pajarito's hiatus from employment of approximately 3 months in 2017.

88.     Defendants admit that Plaintiff Pajarito was employed as a delivery worker, but otherwise deny the allegations contained in Paragraph "88" of the Complaint.

89.     Defendants deny the allegations contained in Paragraph "89" of the Complaint.

90.     With respect to the allegations contained in Paragraph "90" of the Complaint, which set forth conclusions of law, no response is required.

91.     With respect to the allegations contained in Paragraph "91" of the Complaint, which set forth conclusions of law, no response is required.

92.     Defendants deny the allegations contained in Paragraph "92" of the Complaint.

93.     Defendants admit the allegations contained in Paragraph "93" of the Complaint.

94.     Defendants deny the allegations contained in Paragraph "94" of the Complaint.

95.     Defendants deny the allegations contained in Paragraph "95" of the Complaint.

96.     Defendants deny the allegations contained in Paragraph "96" of the Complaint.

97.     Defendants deny the allegations contained in Paragraph "97" of the Complaint.

98.     Defendants deny the allegations contained in Paragraph "98" of the Complaint.

99.     Defendants deny the allegations contained in Paragraph "99" of the Complaint.

[1071586-2]

100.    Defendants deny the allegations contained in Paragraph "100" of the Complaint.

101.    Defendants deny the allegations contained in Paragraph "101" of the Complaint.

102.    Defendants deny the allegations contained in Paragraph "102" of the Complaint.

103.    Defendants deny the allegations contained in Paragraph "103" of the Complaint, except admit that Plaintiff Sandoval was employed by Green Summit from approximately July 2015 until on or about September 2016.

104.    Defendants admit that Plaintiff Sandoval was employed as a delivery worker, but otherwise deny the allegations contained in Paragraph "104" of the Complaint.

105.    Defendants deny the allegations contained in Paragraph "105" of the Complaint.

106.    With respect to the allegations contained in Paragraph "106" of the Complaint, which set forth conclusions of law, no response is required.

107.    With respect to the allegations contained in Paragraph "107" of the Complaint, which set forth conclusions of law, no response is required.

108.    Defendants deny the allegations contained in Paragraph "108" of the Complaint.

109.    Defendants deny the allegations contained in Paragraph "109" of the Complaint.

110.    Defendants admit the allegations contained in Paragraph "110" of the Complaint.

111.    Defendants deny the allegations contained in Paragraph "111" of the Complaint.

112.    Defendants deny the allegations contained in Paragraph "112" of the Complaint.

113.    Defendants deny the allegations contained in Paragraph "113" of the Complaint.

114.    Defendants deny the allegations contained in Paragraph "114" of the Complaint.

115.    Defendants deny the allegations contained in Paragraph "115" of the Complaint.

116.    Defendants deny the allegations contained in Paragraph "116" of the Complaint.

117.    Defendants deny the allegations contained in Paragraph "117" of the Complaint.

[1071586-2]

118.   Defendants deny the allegations contained in Paragraph "118" of the Complaint.

119.   Defendants deny the allegations contained in Paragraph "119" of the Complaint.

120.   Defendants deny the allegations contained in Paragraph "120" of the Complaint.

121.   Defendants deny the allegations contained in Paragraph "121" of the Complaint.

122.   Defendants deny the allegations contained in Paragraph "122" of the Complaint.

123.   Defendants deny the allegations contained in Paragraph "123" of the Complaint.

124.   Defendants deny the allegations contained in Paragraph "124" of the Complaint.

125.   Defendants deny the allegations contained in Paragraph "125" of the Complaint.

126.   With respect to the allegations contained in Paragraph "126" of the Complaint, which set forth conclusions of law, no response is required.

127.   Defendants deny the allegations contained in Paragraph "127" of the Complaint.

128.   Defendants deny the allegations contained in Paragraph "128" of the Complaint.

129.   With respect to the allegations contained in Paragraph "129" of the Complaint, which set forth conclusions of law, no response is required.

130.   Defendants deny the allegations contained in Paragraph "130" of the Complaint.

131.   Defendants deny the allegations contained in Paragraph "131" of the Complaint.

132.   Defendants deny the allegations contained in Paragraph "132" of the Complaint.

133.   Defendants deny the allegations contained in Paragraph "133" of the Complaint.

134.   Defendants deny the allegations contained in Paragraph "134" of the Complaint.

135.   Defendants deny the allegations contained in Paragraph "135" of the Complaint.

[1071586-2]

## AS TO "FLSA COLLECTIVE ACTION CLAIMS"

136.    Defendants admit that Plaintiffs purport to bring this action under the Fair Labor Standards Act ("FLSA"), but otherwise deny the allegations contained in Paragraph "136" of the Complaint.

137.    Defendants deny the allegations contained in Paragraph "137" of the Complaint.

138.    Defendants deny the allegations contained in Paragraph "138" of the Complaint.

## AS TO "FEDERAL RULE 23 CLASS ACTION ALLEGATIONS"

139.    Defendants admit that Plaintiffs purport to bring this action on their own behalf and on behalf of a class, but otherwise deny the allegations contained in Paragraph "139" of the Complaint, including, without limitation, that any "class" is appropriate or proper.

140.    Defendants deny the allegations contained in Paragraph "140" of the Complaint.

141.    Defendants deny the allegations contained in Paragraph "141" of the Complaint.

142.    Defendants deny the allegations contained in Paragraph "142" of the Complaint.

143.    Defendants deny the allegations contained in Paragraph "143" of the Complaint.

144.    Defendants deny the allegations contained in Paragraph "144" of the Complaint.

145.    Defendants deny the allegations contained in Paragraph "145" of the Complaint.

146.    Defendants deny the allegations contained in Paragraph "146" of the Complaint.

147.    Defendants deny the allegations contained in Paragraph "147" of the Complaint.

## AS TO "FIRST CAUSE OF ACTION"

148.    Defendants repeat and reallege Paragraphs "1" through "147" hereof with the same force and effect as if set forth at length herein.

[1071586-2]

149.     With respect to the allegations contained in Paragraph "149" of the Complaint, which set forth conclusions of law or consist of Plaintiffs' characterization of their own Complaint, no response is required.

150.     With respect to the allegations contained in Paragraph "150" of the Complaint, which set forth conclusions of law or consist of Plaintiffs' characterization of their own Complaint, no response is required.

151.     With respect to the allegations contained in Paragraph "151" of the Complaint, which set forth conclusions of law or consist of Plaintiffs' characterization of their own Complaint, no response is required.

152.     Defendants deny the allegations contained in Paragraph "152" of the Complaint.

153.     Defendants deny the allegations contained in Paragraph "153" of the Complaint.

154.     Defendants deny the allegations contained in Paragraph "154" of the Complaint.

## AS TO "SECOND CAUSE OF ACTION"

155.     Defendants repeat and reallege Paragraphs "1" through "154" hereof with the same force and effect as if set forth at length herein.

156.     With respect to the allegations contained in Paragraph "156" of the Complaint, which set forth conclusions of law or consist of Plaintiffs' characterization of their own Complaint, no response is required.

157.     Defendants deny the allegations contained in Paragraph "157" of the Complaint.

158.     Defendants deny the allegations contained in Paragraph "158" of the Complaint.

159.     Defendants deny the allegations contained in Paragraph "159" of the Complaint.

[1071586-2]

## AS TO "THIRD CAUSE OF ACTION"

160.    Defendants repeat and reallege Paragraphs "1" through "159" hereof with the same force and effect as if set forth at length herein.

161.    Defendants deny the allegations contained in Paragraph "161" of the Complaint.

162.    Defendants deny the allegations contained in Paragraph "162" of the Complaint.

## AS TO "FOURTH CAUSE OF ACTION"

163.    Defendants repeat and reallege Paragraphs "1" through "162" hereof with the same force and effect as if set forth at length herein.

164.    Defendants deny the allegations contained in Paragraph "164" of the Complaint.

165.    Defendants deny the allegations contained in Paragraph "165" of the Complaint.

## AS TO "FIFTH CAUSE OF ACTION"

166.    Defendants repeat and reallege Paragraphs "1" through "165" hereof with the same force and effect as if set forth at length herein.

167.    Defendants deny the allegations contained in Paragraph "167" of the Complaint.

168.    Defendants deny the allegations contained in Paragraph "168" of the Complaint.

169.    Defendants deny the allegations contained in Paragraph "169" of the Complaint.

## AS TO "SIXTH CAUSE OF ACTION"

170.    Defendants repeat and reallege Paragraphs "1" through "169" hereof with the same force and effect as if set forth at length herein.

171.    Defendants deny the allegations contained in Paragraph "171" of the Complaint.

172.    Defendants deny the allegations contained in Paragraph "172" of the Complaint.

[1071586-2]

## AS TO "PRAYER FOR RELIEF"

Defendants deny that Plaintiffs are entitled to any of the relief requested in the "Prayer for Relief" section of the Complaint, including subparagraphs (a) through (q).

## AS TO "JURY DEMAND"

Defendants deny that Plaintiffs are entitled to a trial by jury or that there exists any material or triable issues of fact.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' claims are barred, in whole or in part, by their failure to state a claim upon which relief may be granted.

2.     Plaintiffs' claims are barred, in whole or in part, because the Defendants did not "employ" the Plaintiffs within the meaning of the FLSA or NYLL.

3.     Plaintiffs' claims are barred, in whole or in part, because the Defendants did not jointly employ any of the Plaintiffs with the other defendants in this action.

4.     Plaintiffs' claims are barred, in whole or in part, because the Defendants did not comprise or constitute a "single employer," "single enterprise," or "integrated enterprise" with the other defendants in this action.

5.     Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

6.     Plaintiffs' claims are barred, in whole or in part, because Defendants have made a complete and timely payment of wages owed to Plaintiffs to the extent employed by Defendants.

7.     Plaintiff's claims are barred, in whole or in part, to the extent that any uncompensated time is *de minimis* or preliminary or postliminary to main activities of employment.

-16-

8.      Plaintiffs are not entitled to civil penalties, prejudgment/post-judgment interest, statutory damages, liquidated damages, punitive damages, or an extended statute of limitations because any alleged act or omission giving rise to Plaintiffs' claims was made in good faith and was not willful or reckless, and because Defendants had reasonable grounds for believing that any such alleged act or omission was not a violation of the FLSA or NYLL.

9.      Plaintiffs' claims are not maintainable or cognizable as a collective and/or class action since there is no community of interest or similarity between Plaintiffs and any member of the purported class or collective action; because Plaintiffs and the persons they purport to represent are not "similarly situated" with the respect to the claims alleged, rendering this case unsuitable for collective action treatment; because individual issues and facts substantially predominate over common issues and facts, if any, rendering this case unsuitable for class action treatment; because no ascertainable class exists; because a collective and/or class action is not a superior method for adjudicating the disputes Plaintiffs allege; because Plaintiffs fail to establish sufficient numerosity, commonality, and typicality; and because Plaintiffs are neither an adequate, suitable, nor appropriate class representatives for the classes they purport to represent.

10.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclear hands, estoppel, waiver, or *in pari delicto*.

11.      Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have been overpaid, received monies to which they are not entitled, or otherwise by off-sets or credits.

12.      If and to the extent a collective or class action is certified, then the Defendants reserve the right to assert the same or additional affirmative defenses in respect of the collective or class members' claims.

* * * * * * * * * * *

-17-

**WHEREFORE**, Defendants respectfully request that this Court award judgment: (a) dismissing Plaintiffs' Complaint with prejudice in its entirety; and (b) granting such other and further relief as this Court may deem just and proper, including, without limitation, interest, reasonable attorneys' fees, costs, and disbursements.

Dated:      New York, New York
            June 6, 2018

                              **TANNENBAUM HELPERN**
                              **SYRACUSE & HIRSCHTRITT LLP**

                              By: _____
                                  Jason B. Klimpl
                                  Andrew W. Singer
                              900 Third Avenue, 13th Floor
                              New York, New York 10022
                              (212) 508-6700
                              klimpl@thsh.com
                              singer@thsh.com

                              *Attorneys for Defendants Green Summit Group*
                              *LLC, City Barn Group LLC, Black Lexington*
                              *Group, LLC, and Todd Millman*

To:     Sara Isaacson, Esq.
        Michael Faillace & Associates, P.C.
        60 E. 42nd Street, Suite 4510
        New York, NY 10165
        sisaacson@faillacelaw.com

        *Attorneys for Plaintiffs*
        [via ECF]

[1071586-2]