LIPPES MATHIAS WEXLER FRIEDMAN LLP
Amy Habib Rittling (AR 6413)
Vincent M. Miranda (VM 0811)
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Tel: (716) 853-5100
Fax: (716) 853-5199
*Attorneys for Defendant Peter Schatzberg*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

FELIPE UPON JOCHOLA, et al.
Individually and on behalf of others
similarly situated,

                              **ANSWER**

                    Plaintiff,

          -vs-

                              **18-CV-1360**

GREEN SUMMIT GROUP, et al.

                    Defendants.
_____

Defendant Peter Schatzberg (the "Defendant"), by and through his attorneys, Lippes

Mathias Wexler Friedman LLP, for his Answer to Plaintiffs' First Amended Complaint states as

follows:

## <u>GENERAL DENIAL</u>

Except as otherwise expressly admitted herein, Defendant denies each and every

allegation contained in the First Amended Complaint and specifically denies any liability to

Plaintiffs.  Defendant expressly reserves the right to seek to amend and/or supplement his

Answer as may be necessary.  The Defendant:

1.      Denies the allegations contained in paragraphs 1-12, 17-21, 23-31, 33, 35-37, 39-

125, 127-128, 130-135, 137-138, 149-150, 152, 156-157, 161, 164, 167, 171

2.      Avers that the allegations contained in paragraphs 13-16, 22, 32, 34, 38, 126, 129, 136, 139-147, 151, 153-154, 158-159, 162, 165, 168-169, 172 of the First Amended Complaint are legal claims or conclusions and therefore no response is required.  To the extent a response is required, Plaintiffs' allegations are denied.

3.      Repeats and restates his prior responses to paragraphs 148, 155, 160, 163, 166, 170 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(b)(1)(A) and 8(c), Defendant pleads the following defenses.  The presentation of a defense under this heading shall not be construed to mean that the defense is necessarily an affirmative or avoidance defense under Rule 8(c). Whether a particular defense is an affirmative or avoidance defense is determined by the substantive law applicable to such defense.  Defendant hereby pleads the following defenses:

### FIRST DEFENSE

4.      Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

5.      Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

### THIRD DEFENSE

6.      Plaintiffs are independent contractors and are not employees of Defendant.

### FOURTH DEFENSE

7.      Plaintiffs are not an "employee" as that term is defined by either the Fair Labor Standards Act (29 U.S.C. § 203 *et seq.*) or by New York Labor Law Article 6 or Article 19.

**FIFTH DEFENSE**

8.      Defendant is not an "employer" of Plaintiffs as that term is defined by the Fair Labor Standards Act (29 U.S.C. § 203 *et seq.*) or by New York Labor Law Article 6 or Article 19.

**SIXTH DEFENSE**

9.      If the Court should determine the Fair Labor Standards Act is applicable, to the extent that Plaintiffs seek to recover damages for a time more than two years before the filing of this suit, such claims are time-barred by the Fair Labor Standards Act because Plaintiffs have not pled and cannot prove facts sufficient to establish that the alleged violations, if they did occur, were willful.

**SEVENTH DEFENSE**

10.      To the extent that a claim arising under New York law is not part of the same case or controversy over which the Court has jurisdiction under Article III and 28 U.S.C. §1367, this Court lacks subject matter jurisdiction over such claim and it should be dismissed.

**EIGHTH DEFENSE**

11.      Even if this Court may exercise jurisdiction over a claim arising under New York law, it should decline to do so for any applicable reason listed in 28 U.S.C. §1367.

**NINTH DEFENSE**

12.      To the extent that the Court dismisses Plaintiffs' federal causes of action, Plaintiffs' state law claims must also be dismissed because the Court should refuse to exercise jurisdiction over such claims.

**TENTH DEFENSE**

13.      Defendant at all times, and in all manners, acted in accordance with any and all duties and obligations he may have had under the Fair Labor Standards Act (29 U.S.C. § 203 *et seq.*) and/or New York Labor Law.

3

**ELEVENTH DEFENSE**

14.     Plaintiffs did not work in excess of forty hours in a workweek, were paid on a timely basis and in the proper amount pursuant to New York Labor Law.

**TWELFTH DEFENSE**

15.     Plaintiffs are not entitled to liquidated damages under the Fair Labor Standards Act and/or New York Labor Law because Defendant acted in good faith with respect to compliance with the Fair Labor Standards Act and New York Labor Law and had reasonable grounds for believing that all alleged acts or omissions were lawful.  Any violations by Defendant of his obligations were unintentional, not willful.

**THIRTEENTH DEFENSE**

16.     Plaintiffs' New York Labor Law claims are preempted by the Fair Labor Standards Act because it does not establish a higher standard than the Fair Labor Standards Act.

**FOURTEENTH DEFENSE**

17.     Plaintiffs' claims must be dismissed in their entirety as Plaintiffs were paid all wages and monies to which they were due under applicable federal and state laws.

**FIFTEENTH DEFENSE**

18.     Plaintiffs are not engaged in interstate commerce or in the production of goods for interstate commerce.  Defendant is not an enterprise engaged in commerce or in the production of goods for commerce.

**SIXTEENTH DEFENSE**

19.     The named Plaintiffs are not similarly situated to other individuals who performed services as alleged for the purposes of the Fair Labor Standard Act.

**SEVENTEENTH DEFENSE**

20.     Plaintiffs lack standing to bring the proposed collective action under the Fair Labor

4

Standards Act or to bring a class action under Rule 23 of the Federal Rules of Civil Procedure.

## EIGHTEENTH DEFENSE

21.    Any actions taken with respect to Plaintiffs and/or any purportedly similarly situated individuals were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy, and/or with reasonable grounds to believe such conduct complied with the Fair Labor Standards Act and/or New York Labor Law or interpretations of those statutes.

## NINETEENTH DEFENSE

22.    Plaintiffs' claims asserted are barred and must be dismissed because any injury or damages allegedly suffered by the Plaintiffs, and/or by those employees purportedly similarly situated, were not caused by the acts or omissions of the Defendant.

## TWENTIETH DEFENSE

23.    Plaintiffs, and the purportedly similarly situated employees were informed both in writing and orally that Defendant, in accordance with federal and state laws, would take a tip credit against Plaintiffs' wages.

## TWENTY-FIRST DEFENSE

24.     Plaintiffs were not required and did not spend more than twenty percent of their working time performing non-tipped duties.

## TWENTY-SECOND DEFENSE

25.    Plaintiffs received all wages due and owing to them for the performance of their services.

## TWENTY-THIRD DEFENSE

26.    Defendant complied with all record keeping obligations under federal and state laws.

**TWENTY-FOURTH DEFENSE**

27.     Defendant complied with all notice obligations under federal and state laws.

**TWENTY-FIFTH DEFENSE**

28.     Some or all of Plaintiffs' claims are barred, in whole or in part, by statutory exemptions, exclusions, exceptions, or credits under Fair Labor Standards Act and New York law.

**TWENTY-SIXTH DEFENSE**

29.     Plaintiffs are not entitled to conditional or final certification or to Court-facilitated notice because Plaintiffs are not similarly situated to potential opt-ins, Plaintiffs have not defined opt-ins clearly and objectively, and Plaintiffs cannot adequately represent the interests of the potential opt-ins.

**TWENTY-SEVENTH DEFENSE**

30.     Plaintiffs' attempt to pursue this case as a collective action or class action fails because an independent and individual analysis of Plaintiffs' claims and the claims of each potential opt-in class member and each of Defendant's defenses is required.

**TWENTY-EIGHTH DEFENSE**

31.     Plaintiffs are not entitled to class action certification because Plaintiffs cannot satisfy the requirements for bringing a class action and Plaintiffs cannot adequately represent the interests of potential class members.

**TWENTY-NINTH DEFENSE**

32.     Plaintiffs' claims and the claims of any individuals whom Plaintiffs seeks to represent are barred as to all hours during which Plaintiffs or other individuals purportedly similarly situated were engaged in activities that were preliminary or postliminary to their principal activities.

**THIRTIETH DEFENSE**

33.     Plaintiffs' claims and the claims of any individuals whom Plaintiffs seeks to represent are barred, in whole or in part, to the extent that they violated practices and guidelines or worked in violation of direct orders of their supervisors and/or failed to avail themselves of complaint reporting mechanisms.

**THIRTY-FIRST DEFENSE**

34.     Plaintiffs' claims are barred by the doctrines of waiver, estoppel, unclean hands, release, payment, accord and satisfaction, and/or laches.

**THIRTY-SECOND DEFENSE**

35.     Plaintiffs' claims are barred by the doctrines of res judicata and/or collateral estoppel.

**THIRTY-THIRD DEFENSE**

36.     Any recovery by Plaintiffs should be limited to the extent Plaintiffs have failed to mitigate any of the damages alleged in the Complaint.

**THIRTY-FOURTH DEFENSE**

37.     Defendant reserves the right to assert any additional defenses, cross-claims and/or to amend this Answer to the First Amended Complaint.

**WHEREFORE**, Defendant Peter Schatzberg demand entry of judgment against

Plaintiffs, and in his favor, dismissing the First Amended Complaint herein, with prejudice,

together with such other and further relief that the Court deems just and proper.

Dated: September 7, 2018
       Buffalo, New York

Respectfully submitted,

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

By: /s/ Vincent M. Miranda
Amy Habib Rittling (AHR 6413)
Vincent M. Miranda (VM 0811)
*Attorneys for Defendant Peter Schatzberg*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Telephone:  (716) 853-5100
ahabibrittling@lippes.com
vmiranda@lippes.com

8